IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00160-WCM

| | |
|---|---|
| TANYA M. URIBE,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>                Defendant. | MEMORANDUM OPINION<br>AND ORDER |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 11, 13).[1]

## I.    Procedural Background

In July of 2017, Plaintiff Tanya M. Uribe ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning on October 17, 2016. Transcript of the Administrative Record ("AR") 311-314.

On December 12, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 148-171. The Appeals Council reviewed that decision and remanded the case. AR 172-177.

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Docs. 9, 10.

On March 30, 2021, following a second administrative hearing at which Plaintiff appeared and testified, the same ALJ issued another unfavorable decision. AR 12-39. The March 30 decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "depression, anxiety, post traumatic stress disorder (PTSD), obesity, migraines, fibromyalgia, and cervical degenerative disc disease." AR 18. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work . . . with the following additional limitations: occasional climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing and stooping; no kneeling, crouching, or crawling; frequent reaching, handling, and fingering bilaterally; the avoidance of unprotected heights, workplace hazards, and machinery; the avoidance of moderate exposure to cold temperatures; no work with vibrations; occasional pushing and pulling a maximum of 10 pounds with the upper and lower extremities; occasional use of foot controls; simple, routine tasks not at a production pace; occasional interactions with supervisors, co-workers, and the public; occasional changes to a routine work setting; and the claimant would be off task up to 10% of the work day.
>
> AR 23.

Applying this RFC, the ALJ found that the Plaintiff had the ability to perform a job that exists in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 30-31.

### III. Plaintiff's Allegations of Error

Plaintiff contends that, with respect to her RFC, the ALJ failed to define the term "not at a production pace" and that, regardless of its meaning, the representative occupation relied on by the ALJ may conflict with this limitation. Plaintiff also argues that the ALJ failed to explain the basis of the limitation that Plaintiff would be off task up to 10% of the workday.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

### A. "Not Production Pace"

In Thomas v. Berryhill, the Fourth Circuit held that an RFC restricting a claimant from work "requiring a production rate or demand pace," without further definition of that phrase, was inadequate. 916 F.3d 307, 310-12 (4th Cir. 2019); see also Perry v. Berryhill, 765 Fed. App'x 869, 872 (4th Cir. 2019) (remanding where the ALJ failed to explain "what she meant when she used the phrase 'non-production-oriented work setting'").

In contrast, in Sizemore v. Berryhill, the Fourth Circuit affirmed an ALJ's decision where the RFC included a limitation to "work only in a low stress setting defined as non-production jobs without any fast-paced work and with no public contact" because, based on the additional descriptors, the court could evaluate whether the limitation for non-production jobs adequately accounted for the claimant's specific limitations. 878 F.3d 72, 79 (4th Cir. 2017).

In conformity with these authorities, district courts require ALJs to include additional definition or descriptors when including a limitation to "non-production work," work at a "non-production pace," or a similar limitation. Compare Hernandez v. Saul, No. 3:19-CV-337-FDW, 2020 WL 3259802, at *5, (W.D.N.C. June 16, 2020) (remanding because "without any explanation, the Court cannot partake in any meaningful review of the ALJ's usage of the term 'non-production work setting'"); Neal v. Comm'r of Soc. Sec., No. 3:20-cv-00124-RJC, 2022 WL 291619 (W.D.N.C. Jan. 31, 2022) (finding that the court was unable to determine whether the RFC was supported by substantial evidence because the ALJ did not define non-production rate or provide any descriptors or qualifiers as to its meaning); Rhoney v. Commissioner of Social Security, No. 5:21-cv-00011-RJC-DSC, 2022 WL 3210796, at *3 (W.D.N.C. Aug. 9, 2022) (remanding where the ALJ did not define or use any descriptors for "not at a production rate pace" in the RFC, and the remainder of the ALJ's decision did

5

not provide guidance on the definition of that term); Raymond v. Saul, No. TJS-19-0914, 2020 WL 2542558, at *2 (D. Md. May 18, 2020) (remanding where RFC included a limitation to "simple routine tasks not at a production pace" and the ALJ did not define the term "production pace"); Alisa S. v. Saul, No. TMD 19-1109, 2020 WL 2097689, at *5 (D. Md. May 1, 2020) (although the ALJ determined that Plaintiff was limited to performing "not at a production pace," the ALJ did not give the court "enough information to understand the meaning" of that term) with Davis v. Commissioner of Social Security, No. 3:20-cv-00339-RJC, 2022 WL 680211, at *5 (W.D.N.C. March 7, 2022) (finding the term "non-production pace" as used in plaintiff's RFC was supported by substantial evidence where RFC limited plaintiff to "unskilled work of [a] routine, repetitive nature in two-hour segments at a non-production pace meaning non-automated/non-conveyor pacing in a stable work setting"); Tygari v. Kijakazi, No. 1:20-cv-00697-LO-MSN, 2021 WL 5230739, at *11 (E.D.Va. Oct. 22, 2021) (the ALJ provided sufficient context and descriptors surrounding a "not production pace" limitation where ALJ found claimant could work in two-hour increments and then need a 10-15 minute break).

In sum, and as stated by one court, the "question, therefore, is whether the ALJ's decision contains sufficient 'context' surrounding the term 'production pace' to 'explain the restriction intended by the ALJ, and allow [the

Court] to evaluate whether that restriction adequately accounted for the claimant's limitations.'" Tygari, 2021 WL 5230739, at *11 (citation omitted).

Here, Plaintiff's RFC indicated that Plaintiff was limited to "simple, routine tasks not at a production pace." AR 23. However, the term "not at a production pace" was not further defined in Plaintiff's RFC, and it does not appear that the ALJ specifically discussed the meaning of production pace work when developing Plaintiff's RFC.

### B. Off Task Limitation

Similarly, when an ALJ includes an "off task" limitation in a RFC in the form of a percentage, the ALJ should explain how that percentage was reached. Compare Gragg v. Saul, No. 1:19CV129, 2020 WL 3259177, at *4 (W.D.N.C. June 16, 2020) (finding that the ALJ "failed to ... explain his conclusion that the claimant would be off-task nine percent of the time" and noting that, "in the absence of explanation, the [c]ourt is left to pontificate on where the ALJ came up with the nine-percent figure") (internal quotation marks and brackets omitted); Alisa S. v. Saul, No. TMD 19-1109, 2020 WL 2097689, at *6 (D. Md. May 1, 2020) ("The ALJ, however, failed to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could be productive or remain on task for more than 90% of an eight-hour workday") with Welch v. Saul, No. 1:19-CV-189-DCK, 2020 WL 4586882, at *8 (W.D.N.C. Aug. 10, 2020) (affirming RFC that included a 10% off task

7

limitation where ALJ referenced state agency consultants who did not include any off-task limitation, assigned little weight to nurse practitioner's opinion that plaintiff would be off task 20% of the time, and plaintiff did not meet her burden of proving further functional limitations); Shaw v. Kijakazi, No. 1:20cv581, 2021 WL 3079905, at *5 (M.D.N.C. July 21, 2021) (recommending that the Commissioner's final decision be affirmed where the ALJ did not assign an unusual percentage of time plaintiff would remain off-task, and instead found that he "would be off task 'no more than ten percent of the time in an eight-hour workday,' which indicated that plaintiff's mental limitations "caused some limitation in Plaintiff's ability to remain on-task but not disabling limitations"), recommendation adopted, 2021 WL 6202788 (M.D.N.C. Aug. 23, 2021).

As noted by one court, "[s]everal courts within the Fourth Circuit…have found that the ALJ's failure to explain the determination that a claimant would be off task for a certain percentage of time left the court unable to conduct a meaningful review of whether the determination was supported by substantial evidence." Marshall v. Saul, No. 5:20-CV-55-FL, 2020 WL 7390486 *5 (E.D.N.C. Nov. 19, 2020) (collecting cases).

Here, the ALJ found that Plaintiff would be off task up to 10% of the workday. AR 23. It does not appear, though, that the ALJ explained how that percentage of off task behavior was reached.

8

Case 5:21-cv-00160-WCM Document 16 Filed 02/09/23 Page 8 of 9

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 11) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**. The Commissioner's decision is hereby **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is respectfully directed to enter a separate judgment of remand, and to close this case.

Signed: February 8, 2023

W. Carleton Metcalf
United States Magistrate Judge